UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHONY YOUNGS,
    Plaintiff

v.                                                      C.A. NO. 2022-

PARTY PEOPLE, INC.
JOHN DOE
RICHARD ROE,

    Defendants

## **COMPLAINT**

## **PARTIES**

1. Plaintiff Anthony Youngs (Youngs) is a resident of the City of Warwick, County of Kent State of Rhode Island.

2. Defendant Party People, Inc. (Party People) is a foreign corporation located incorporated in Connecticut with a principal place of business in Milford, Connecticut. It conducts business throughout the region and within the State of Rhode Island. It is subject to the Rhode Island Long Arm jurisdiction, and this courts specific jurisdiction.

3. Defendants, John Doe, and Richard Roe, are unknown or unascertained parties or persons, located outside Rhode Island and subject to this court's Long Arm jurisdiction, and or pendant parties who contributed to the set-up, installation inspection, and or construction of the inflatable devise, causing injury to Plaintiff or otherwise acting in a negligent manner causing injury to Plaintiff, for actions resulting in injury to

Plaintiff.

## JURISDICTION

4. Jurisdiction is based on a diversity of citizenship pursuant to 28 USC § 1332, and an amount in controversy in excess of $75,000.00 pursuant to 28 USC §1332 (a).

5. The matters complained of occurred within the District of Rhode Island, County of Kent, and City of Warwick and the court has specific jurisdiction over the matter complained of as the tortious injury occurred within the State of Rhode Island, giving rise to the application of Rhode Island substantive law.

## PRELIMINARY ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Anthony Youngs ("Youngs") was attending a recreational event for his graduating class at Pilgrim High School in Warwick Rhode Island, on or about May 28, 2019.

7. An inflatable devise, known as "inflatable 2000", was installed by Party People on the gymnasium floor for the event. The "inflatable 2000" is marketed as a game in which participants jump into and bounce for purely recreational purposes. Specific instructions are provided by the manufacturer for use and setup, including testing of air pressure and set up of crumple zone, proper padding and necessary safety Precautions, all for the purpose of providing a safe recreational activity for such events.

8. Party People, by contract, express or implied, with the event coordinator was at all times in exclusive control of the set up and installation of the "inflatable 2000" and its agents and or employees performed all installation and set up of the recreational "inflatable 2000" game.

9. At such time and place, plaintiff Youngs was a student. He utilized the

"inflatable 2000" game under instruction from Party People. When Youngs jumped into the devise he traveled through the devise striking the hardwood basketball court without the benefit of the inflated machine buffering his fall. The fall was recorded by a friend of Youngs. Plaintiff was severely injured, with a shoulder injury of a permanent nature.

10. At all times material hereto, Plaintiff Youngs was in the exercise of due care, commensurate with his rights of recovery herein.

11. Plaintiff was taken to the Kent County Hospital and transported to Rhode Island Hospital where he was treated for the injury.

12. The incident of May 28, 2019 caused severe injuries and permanent injury to Plaintiff Youngs resulting in surgical intervention and causing economic losses and expenses to Plaintiff Youngs, and permanency of these medical conditions, including but not limited to future medical expenses and future loss of earnings.

## COUNT I
## (Negligence)

13. Plaintiff restates the allegations contained in paragraphs 1-12 of this complaint as if specifically restated herein.

14. Defendants breached their duties by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that lead to the severe injuries and damages to Plaintiff Youngs.

15. As a direct and proximate cause of the actions set forth above defendants, Party People, Inc., John Doe, and Richard Roe were in breach of their duties and negligent in their failure to properly install and set up the inflatable devise, causing the devise to deflate or underinflate in a reasonably safe condition, proximately causing injury to Plaintiff Youngs.

## COUNT II
### (Strict Liability in Tort)

16. Plaintiff restates the allegations contained in paragraphs 1-15 of this complaint as if specifically restated herein.

17. Upon information and belief, defendants Party People, John Doe and Richard Roe are liable for failing to provide adequate directions for the use and operation of said inflatable devise, for failing to adequately warn participant Youngs of the dangers in the use and operation of the devise, for failing to warn of potential dangers of the use of said inflatable devise, for failing to adequately warn of the potential dangers of the devise, and has failed to perform their express and implied warranties that the "inflatable 2000" devise was fit for the particular purpose of a safe recreational inflatable game for public use as well as other implied warranties.

18. Upon information and belief, defendant Party People is negligent for their failure to adequately test and inspect said "inflatable 2000" devise in its set-up prior to allowing students to use the devise on May 28, 2019.

19. Defendants, Party People, Inc., John Doe, and Richard Roe are strictly liable in tort for their negligence in causing injury to Plaintiff Youngs, and its failure to give adequate warning of the potential dangers of the use of the inflatable devise.

20. Defendants, Party People, John Doe, and Richard Roe, are strictly liable in tort for their negligence in causing injury to Plaintiff Youngs, and its failure to install, assemble, repair, inspect and maintain the "Inflatable 2000" game so that it was not reasonably safe for the purpose for which it was intended under the manufacturers operating instructions, industry standards and manufacturers service bulletins.

21. Defendants, Party People, Inc., John Doe and Richard Roe are strictly liable in tort for their negligence in causing injury to Plaintiff Youngs, and its failure in negligently misrepresenting the safeness, fitness, and durability of the "inflatable 2000" devise and its condition on May 28, 2019.

22. Defendants, Party People, Inc. John Doe, and Richard Roe, are strictly liable in tort for their negligence in causing injury to Plaintiff Youngs, and its failure in negligently misrepresenting the safeness, fitness, and durability of the set up and installation of the "inflatable 2000" devise at the event on May 28, 2019.

### COUNT III
(Negligence by Res Ipsa Loquitor)

23. Plaintiff incorporate paragraphs 1-22 of this complaint as if specifically restated herein.

24. The acts complained of herein do not occur in the absence of negligence on the part of defendants Party People, Inc., John Doe, and Richard Roe, on the part of defendants.

25. The conduct and omissions of defendants are presumed to be negligent because:

a) The malfunction of the "inflatable 2000" devise in dropping without warning would not happen in the absence of negligence; and

b) The accident was caused by something that was under the exclusive control of defendant Party People, Inc. including but not limited to the failure of defendants to see that the devise was properly inflated, that the "crumple tubes" were not properly set up and other causes under the defendant's exclusive foreseeable control and duty.

c) Plaintiff Anthony Youngs did not cause or contribute to the accident resulting in Plaintiff Youngs's injuries.

d) The negligence as alleged is within the scope of defendant's duty to plaintiff and within defendant's responsible cause of plaintiff's injuries.

WHEREFORE, Plaintiff Anthony Youngs demands judgement against defendants Party People, Inc. John Doe, Richard Roe, Jane Doe and Richard Doe jointly and severally in an amount in excess of $1,000,000.00 (One Million Dollars) within the jurisdiction of this honorable court plus interest and costs for plaintiffs' permanent disability, medical expenses, future medical expenses, lost wages, lost future earning capacity, past and future pain and suffering and all other damages actionable.

Plaintiff,
Anthony Youngs
By his Attorney,

/s/ John J. Flanagan

John J. Flanagan, Esq.
(RI Bar #3099)
2348 Post Road
Warwick, RI 02886
401.732.4480
jflanagan@torti.com

JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial as to all Counts so triable.

/s/ John J. Flanagan

John J. Flanagan, Esq.
(RI Bar #3099)
2348 Post Road
Warwick, RI 02886
401.732.4480
jflanagan@torti.com

February 8, 2022