UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
ANTHONY YOUNGS,                         )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     C.A. No. 22-064 WES
                                        )
PARTY PEOPLE, INC., et al.,             )
                                        )
          Defendants.                   )
_____)

**MEMORANDUM AND ORDER**

 WILLIAM E. SMITH, District Judge.

     Before the Court is a Motion to Dismiss filed by Defendant
Party People, Inc, ECF No. 9.  On February 8, 2022, Plaintiff
Anthony Youngs filed a three-count Complaint asserting claims of
Negligence (Count I), Strict Liability in Tort (Count II), and
Negligence Res Ipsa Loquitor (Count III).  See Compl., ECF No. 1.
Defendant moved to dismiss Counts II and III.[1]  For the reasons
below, the Court grants the Motion.

I.  FACTS

     On May 28, 2019, Plaintiff was injured while attending an
event at his high school when he fell through an inflatable device
– the Inflatable 2000 – and hit the hardwood gymnasium floor.  Id.

---

     [1] Plaintiff also alleges injuries against two unknown or
unascertained parties who contributed to the installation of the
device, John Doe and Richard Roe.  See Compl., ECF No. 1.  These
Defendants are not parties to this Motion.

¶¶ 6-9.   The Inflatable 2000 is a game in which participants jump and bounce on the device.  Id. ¶ 7.   Defendant installed the device.  Id. ¶ 7.  Plaintiff suffered a shoulder injury, for which he was transported to the hospital.  Id. ¶ 11.  For these alleged severe and permanent injuries, Plaintiff seeks recovery for past and future medical expenses as well as future loss of earning potential.  Id. ¶ 12.

II. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the truth of well-pleaded facts and gives the plaintiff the benefit of all reasonable inferences, ignoring conclusory legal statements. Aldridge v. A.T. Cross Corp., 284 F.3d 72, 79 (1st Cir. 2002); Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021).   To survive, the complaint need only set forth "enough facts to state a claim for relief which is plausible on its face." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007).   The court must be able to "infer more than the mere possibility" of the claim for it to withstand the motion.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III. DISCUSSION

A.  Count II: Strict Liability

Defendant, believing Count II refers to products liability, argues Plaintiff failed to allege any defect in design or

manufacture of the inflatable device.  See Def.'s Mem. in Supp. of Mot. to Dismiss ("Def. Mot.") 3, ECF No. 10.  Plaintiff responds that Count II refers to "unreasonably dangerous activity" (and not to products liability).  See Pls.' Obj. to Def's Mot. to Dismiss 3, ECF No. 11.  In its reply, Defendant argues that Plaintiff does not allege facts to support an ultrahazardous activity claim under the pleading standard.  See Def.'s Reply in Res. To Pls.' Obj. to Def.' Mot. to Dismiss 3, ECF No. 14.  The Court agrees.

Plaintiff alleges the manufacturer provided specific instructions outlining use, installation, and safety precautions, but Defendant failed to properly set up the inflatable device or to assemble, repair, inspect or maintain the device, rendering it unsafe.  See Compl. ¶¶ 7, 15, 20.  Further, Plaintiff alleges Defendant (not the manufacturer or seller) failed to warn of the dangers of use.  Id. ¶ 17.

Rhode Island follows the Restatement (Second) §402 approach. See Ritter v. Narragansett Elec. Co., 283 A.2d 255, 261 (asserting that to prove a products liability claim against the manufacturer or seller of a product, a plaintiff must prove a defect in design or manufacturing which renders the product unreasonably dangerous). Here, Plaintiff does not allege any manufacturing or design defect. In some cases, "failure to warn" may itself create a defective condition.  See Thomas v. Amway Corp., 488 A.2d 716, 721 (R.I.

1985) (holding that the seller must warn of dangers that are reasonably foreseeable and failure to do so renders the product defective) (emphasis added).  Plaintiff does not assert the device came without a warning, but instead alleges that it was operated improperly.  Thus, a products liability "failure to warn" theory is inapplicable on these facts.

With respect to unreasonably dangerous or ultrahazardous activity, Rhode Island courts again follow the Restatement Second §520 approach.  See Splendorio v. Bilray Demolition Co., 682 A.2d 461, 466 (R.I. 1996); see also Volpe v. Gallagher, 821 A.2d 699, 711 (R.I. 2003).  Specifically, a plaintiff must plausibly allege that the activity created a high degree of risk, the resulting harm would be great, and the activity could not be made safe by reasonable care.  BHK Relalty, LLC. V. Narragansett Elec. Co., 524 F. Supp. 3d 133, 138-40 (D.R.I. 2021).  Activities generally considered ultrahazardous include dynamite blasting, transportation of gasoline, excavations, and demolitions.  See Christofaro v. Shaws Supermarkets, Inc. No. WC-2018-002, 2020 WL 261652, at *3 (R.I. Super. Jan. 10, 2020).

Here, Plaintiff does not allege that operating the inflatable device was an ultrahazardous activity akin to the activities recognized above.  There is no mention of "ultrahazardous" or "abnormally dangerous" activity in the Complaint; no suggestion

4

that the risk would not be eliminated by the exercise of reasonable care; nor that the activity was inappropriate for the place where it was performed.   Rather, Plaintiff claims that Defendant's failures prevented the device from being reasonably safe.  See Compl. ¶¶ 15-21.  Because Plaintiff has not pleaded sufficient facts to support an ultrahazardous claim, Count II is dismissed.

B.  Count III: Res Ipsa Loquitur

As to Count III, Plaintiff alleges, in a claim separate from his negligence cause of action, that Party People is liable through res ipsa loquitor because the accident was caused by something under its exclusive control and the accident would have not occurred without negligence.  See Compl. ¶¶ 24-25.

Defendant is correct that res ipsa loquitur is an evidentiary tool and not a standalone cause of action.  See Def. Mot. 4.  Rhode Island adopted the Restatement Second to define the doctrine, see Parillo v. Giroux Co., 426 A.2d 1313, 1320 (R.I. 1981), which is "not a rule  of either procedural or substantive tort law," but rather a doctrine to establish inferential evidence, Konick v. Lawrence, 475 A.2d 208, 210 (R.I. 1984); see also Cooley v. Kelly, 160 A.3d 300, 305 (R.I. 2017).

The doctrine need not be preserved in the Complaint.  See Tamura, Inc. v. Sanyo Elec,. Inc., 636 F. Supp. 1065, 1067 (N.D. Ill. 1986).  When brought as a separate cause of action, courts

go both ways in deciding whether to allow or to dismiss these claims.  See Gilson v. Grapek Co., 2005 U.S. Dist. LEXIS 12182, at *6 (D.N.H. 2005) (dismissing res ipsa loquitur claim); see also Chicago Flood Lighting, 1993 U.S. Dist. LEXIS 8754, at *14 (N.D. Ill. 1993) (allowing same).  Although Rhode Island courts have, on occasion, allowed these claims, see Thomas, 488 A.2d 722; see also Parillo, 426 A.2d at 1317-21, this Court believes the better course is to dismiss it, see Gilson, 2005 U.S. Dist. LEXIS 12182, at *6. This dismissal does not preclude Plaintiff from arguing res ipsa loquitur in his negligence claim.

IV.   CONCLUSION

        For those reasons, Defendant's Motion to Dismiss is GRANTED.


IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: July 21, 2022